Order Form Rev 06/2012)

# United State District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 5073 | DATE | August 31, 2012 |
| CASE TITLE | GERMAINE GRANT v. LTD FINANCIAL SERVICES I, INC. | | |

**DOCKET ENTRY TEXT:**
Defendants' motion for summary judgment [46] is GRANTED .

**STATEMENT**

    In this case, pro se Plaintiff Germaine Grant sued two entities, LTD Financial Services I, Inc. ("Services I"), and LTD Financial Services, L.P. ("LTD") for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f). The complaint alleged that Services I doing business as LTD, "initiated a soft pull" of Grant's credit history with no permissible purpose, and thus in violation of FCRA. Both entities now move for summary judgment and the motion is granted.

    The undisputed facts are drawn largely from Defendants Local Rule 56.1 statement, which was functionally uncontested.

    Plaintiff had a Home Depot-branded Citibank (South Dakota), N.A. credit card. On or about August 25, 2010, Advantage Assets II, Inc. ("Advantage") bought a portfolio of accounts that included Plaintiff's. Advantage shortly thereafter enlisted LTD to collect Plaintiff's account debt on behalf of Advantage.

    LTD sent a letter to Grant on September 26, 2010 indicating that his account had been sold to Advantage and that LTD was collecting for Advantage. The letter advised him that it was an attempt to collect a debt, that any information obtained would be used for that purpose and advised him of his validation rights pursuant to Section 1692g of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692.

    Services I is a general partner of LTD. Services I never obtained, furnished, nor attempted to collect any debt of Plaintiff's.

    LTD accessed Grant's credit report solely in connection with its efforts to collect Grant's Citibank debt. The only information concerning Plaintiff that LTD ever furnished to a credit reporting agency is the information that: (a) Advantage now owns the Grant Citibank debt; and (b) it remains unpaid. Advantage and Services I have neither furnished any information concerning Plaintiff to any credit reporting agency nor requested that any credit reporting agency provide them with any information regarding Plaintiff.

    The only information that LTD has communicated to Plaintiff or any credit reporting agency concerning the Grant Citibank debt is information received from the issuer of that debt, Citibank (South Dakota) N.A. or from LTD's own records to the extent that those records reflect no payments on the debt since it was purchased by Advantage.

    To prove a violation of section 1681b, a plaintiff must show that credit information was obtained for an impermissible purpose. *Stonehart v. Rosenthal*, 2001 U.S. Dist. LEXIS 11566, 12-13 (S.D.N.Y. Aug. 13, 2001). A showing of a permissible purpose, therefore, is a complete defense. *Id.* (citations omitted). The question of whether a report has been obtained for a permissible purpose is a legal one, which can be resolved on summary judgment. *Id.* "[C]ollection of an account" is a permissible purpose under FCRA. *See* 15 § 1681b(a)(3)(A).

    Defendant LTD was collecting on an accounting, so their purpose was permissible under FCRA.

Plaintiff makes an unsupported and ultimately unpersuasive argument that what he owed was a "debt" while the FCRA speaks of an "account." Under his theory, then, LTD's collection efforts on his "debt" were impermissible. I fail to understand – as a practical or legal matter – what the difference is in this circumstance.

Summary judgment is GRANTED to Defendants on all counts.[1]

---

[1] Plaintiff's response to Defendants' statement came in on August 15, 2012, nearly one month after the assigned deadline of July 28th. Moreover, the response contains nothing more than vague and unsupported denials, without proper or meaningful support in the record.