# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERMAINE J. GRANT, | |
| Plaintiff, | No. 11 C 5073 |
| v. | Judge James B. Zagel |
| LTD. FINANCIAL SERVICES I, INC., et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Germaine J. Grant sent a letter to Defendant accompanied by a draft complaint alleging violations of the Fair Credit Reporting Act ("FCRA"). LTD responded by declaring it is a third-party collection agency and within its legal rights to make a credit inquiry when Grant's account was placed with LTD for collection. Grant received the letter and then filed this lawsuit against defendant LTD and defendant Services I.

In turn, Defendants' counsel sent a letter with an attached motion for Rule 11 sanctions which stated that LTD did obtain a copy of Grant's credit report but only in connection with its attempt to collect a debt owed to Home Depot. The motion also stated that Services I never obtained a credit report. The communication to Grant noted that Grant was, in fact, aware that the purpose of the credit inquiry was debt collection, because Grant filed another case against Defendants for violating the Fair Debt Collection Practices Act in their attempts to collect the Home Depot account. Grant did not dismiss the FCRA count.

Defendants filed a motion for summary judgment which, eventually, was granted. His argument was that FCRA does not authorize credit inquiry to try to collect a "debt" but rather an

"account."  I found the argument to be unpersuasive, an attempt to rely upon a distinction without a difference.  Grant simply ignored the ruling (except to write to say he would appeal it which he has not done).  He ignored the ruling by filing the same lawsuit against the same defendants and apparently represented that it was a new lawsuit since it was assigned to another judge of this Court. Grant demonstrated his unwillingness to obey court orders by writing these words to opposing counsel "…pay close attention attorney I don't give flying____about your case law if congress made it law it's law so if you have a case against Germaine and the congress agreed  on terms of that word please don't fill my inbox on that hearsay bullshit…"

Grant pursues his claims in ways that are forbidden to him.  Appeal is not forbidden but persistence with defeated claims in the District Court is forbidden.  Grant's papers in opposition show he understood he could appeal. He said "I decided to either to appeal the decision or re-file a new case because I assumed that the courts dismiss the case because they felt that general partner ltd…wasn't accountable of ltd fin service violation."  My order was very clear that the case was not dismissed but decided on its merits because Grant's argument that "debt" cannot mean the same thing as "account" was patently wrong.  Grant never asked for clarification, in my view, not because he assumed I was ruling on the liability of a general partner, but because he knew I had ruled in favor of both defendants; he knew the ruling was broader than that and he knew my opinion was that his attempted distinction between "debt" and "account" was unjustified.

This re-filing is a patent violation of Rule 11.  It is also a violation of FCRA itself which permits the award of sanctions when an action is filed in bad faith, demonstrated here by Grant's own words. His conduct after the loss of the case (the refilling and his explanations for the refilling) serve to support my conclusion that Grant's conduct was always motivated by his

determination to proceed in the face of clear reasons he should not do so.  He plainly was not willing to consider his opponent's warnings, nor did he consider the facts which he rarely, if ever, disputed.  He regards his opinions as the final word.  Yet the complaint he filed does not evidence ignorance of legal formalities.  He abides by the ones he likes and disobeys the rules he does not like.  He imposed costs in time and money on defendants when he knew, I find, from the beginning that the lawsuit was frivolous.  This is not a case in which a litigant honestly believed that he had a winnable complaint.  His own words show that he would not accept any court ruling that did not adhere to his own claimed understanding of what Congress meant.  He reserved for himself the right to decide to accept court rulings.  He has pursued remedies other than appeal[1]

I find that Grant has acted in bad faith in his pleadings and filings in the court.  What sanctions ought to be imposed must be determined in a hearing where Grant and his opponents will be heard. The full range of sanctions will be considered and this might range from simple oral admonitions to significant financial awards.

ENTER:

---

[1] In its motion for sanctions, Defendants suggest that Grant adheres to a philosophy that asserts immunity of certain persons from the obligation to follow legal rules.  This may or may not be so, but I do not rely on the defendants' suggestion although I anticipate the defendants may attempt to cite it in support of higher rather than lower sanctions.  I will hold a hearing to determine the scope of sanctions which could include non-monetary findings to awards of financial sanctions or both. To support their argument that Grant may regard himself as unbound by legal rules against filing spurious claims, the defendants note one part of Grant's communications.
 The defendants cite the signature block on Grant's email where it notes, in part:
"Germaine j b Grant; General Executor- Expressly Reserving All Liberties & defenses.  A Man and A Living Spirit.  Not a person, human-being, corporation or other type of abomination! A Private Dweller! Who is Not For Public Use!  Foreign to the **UNIDED STATES**, **INC.** as an Independent international location upon United States Minor, Outlying Islands and non-domestic to the District of Columbia.
Autochthonous Aborigines American."
    Yet, I attach no weight to the contents of the signature box because there is no evidence that the words represent Grant's current view of his status or, for that matter, ever did.  Moreover the contents do not represent an unequivocal assertion of the right to disregard law or court orders.

James B. Zagel  
United States District Judge

DATE: December 17, 2012